UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RUANO,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Civil Case No.: 16cv1928-JAH<br>Criminal Case No.: 10cr2247-JAH<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c) AS MOOT (Doc. No. 25);**<br><br>**(2) DENYING PETITIONER'S MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 29)** |

**INTRODUCTION**

This matter comes before the Court on Petitioner Enrique Ruano's ("Petitioner") *pro se* motion to reduce his sentence pursuant to § 3582(c), (Doc. No. 25), and motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 29). Respondent United States of America filed a Response in Opposition to Petitioner's section 2255 motion. Doc. No. 34. Having thoroughly considered the parties' briefing, the relevant

1

Criminal Case No.: 10cr2247-JAH
Civil Case No.: 16cv1928-JAH

record, the Court **DENIES as moot** Petitioner's motion to reduce his sentence pursuant to section 3582 and **DENIES** Petitioner's § 2255 motion.

## BACKGROUND

On June 15, 2010, Petitioner, with the advice and consent of counsel, signed a plea agreement, admitting that he "knowingly and intentionally import[ed]. . . approximately 5.00 kilograms. . . of Methamphetamine. . . in violation of [21 U.S.C. §§ 952, 960]." *See* Doc. No. 13 at 2.

On June 15, 2010, a change of plea hearing was held before Magistrate Judge Jan M. Adler. *See* Doc. No. 16. The magistrate judge determined that Petitioner's guilty plea was made knowingly and voluntarily, and did not result from force, threats, or promises. Doc. No. 14. On September 7, 2010, Judge M. James Lorenz sentenced Petitioner to 130-months in custody followed by five years of supervised release. *See* Doc. No. 22. Judgment was entered on September 9, 2010. *See* Doc. No. 23.

Then, on December 17, 2014, Petitioner, proceeding *pro se*, filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c). Doc. No. 25. Subsequently on July 29, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255.

## DISCUSSION

**1.   Motion to Reduce Sentence Pursuant to §3582**

On December 17, 2014, Petitioner moved the Court for a reduction of his sentence in light of the newly enacted Amendment 782. Doc. No. 25. The United States responded, stating Petitioner's guideline level of 37 was determined by §4B1.1(A), therefore, Amendment 782 is not applicable. Doc. No. 28.

Effective November 1, 2014, Amendment 782 modified the sentencing guidelines applicable to drug offenses by reducing the offense levels for drug and chemical

2

quantities.[1] Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's applicable policy statement appears at USSG §1B1.10. The policy statement provides that courts may modify a sentence "[i]n a case in which *a defendant is serving a term of imprisonment*, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d)." *See* U.S.S.G. § 1B1.10(a)(1) (emphasis added).[2]

Here, the Bureau of Prisons ("BOP") inmate locator indicates that Defendant was released from custody on October 18, 2018.[3] Therefore, this is not "a case in which a defendant is serving a term of imprisonment." Accordingly, this Court finds Amendment 782 to the USSG inapplicable to this matter and denies Petitioner's motion as moot.

However, even when considering the merits, Petitioner would not be entitled to a reduction in his sentence. Petitioner was sentenced as a career offender pursuant to section 4B1.1, and therefore, is not entitled to a sentence reduction based upon the amendment of section 2D1.1. Doc. No. 34-1, at 7; *see United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009).

//
//
//
//
//

---

[1] Under the amended U.S.S.G., district courts were prevented from affording sentencing relief until November 1, 2015. *See* U.S.S.G. § 1B1.10(e)(1).

[2] Amendment 782 is listed, in relevant part, in § 1B1.10(d).

[3] *See* Inmate Locator & Record Availability, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 17, 2020).

//

**2. Motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255**

    **a. Legal Standard**

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his sentence on the ground that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).

    **b. Analysis**

As a threshold matter, "a defendant seeking relief under 28 U.S.C. § 2255 . . . must be in custody, [and] . . . claim the right to be released from custody." *United States v. Kramer*, 195 F.3d 1129 (9th Cir. 1999). Despite Petitioner being out of BOP custody, he is still under supervised release and therefore in custody within the meaning of section 2255. *Mujahid v. Daniels*, 413 F. 3d 991, 994 (9th Cir. 2005) (*quoting Matus–Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) ("[A] habeas petitioner remains in the custody of the United States while on supervised release.").)

    <u>i. Waiver</u>

Respondent contends the motion should be dismissed because Petitioner waived his right to appeal or collaterally attack his sentence as part of his plea agreement. Doc. No. 34 at 8. The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990) ("[I]f it is not a due process violation for a defendant to waive constitutional rights as part of a plea bargain, then a defendant's waiver of a nonconstitutional right, such as the statutory right to appeal a sentence, is also waivable."); s*ee also United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering plea agreement whereby defendant waived right to

4

appeal his sentence, defendant relinquished right to directly or collaterally attack his sentence on the ground of newly discovered exculpatory evidence).

"Generally, courts will enforce a defendant's waiver of his right to appeal if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and (2) the waiver is knowingly and voluntarily made." *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) (*quoting United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (internal citations omitted)).

Regarding the first requirement, courts look to, and enforce, the plain language of the waiver and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." *Nunez*, 223 F.3d at 958 (*quoting Wilson Arlington Co. v. Prudential Ins. Co. of Am.*, 912 F.2d 366, 370 (9th Cir. 1990) (internal citations omitted)). Petitioner's plea agreement provides, in relevant part, as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, *except a post-conviction collateral attack based on the claim of ineffective assistance of counsel*, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.

*See* Doc. No. 13 at 10 (emphasis added).

Here, the Court finds that petitioner's moving papers conclusively show that he is not entitled to relief under § 2255. The language of the plea agreement clearly forecloses Petitioner's right to appeal on all grounds other than a claim for ineffective assistance of counsel. Additionally, the magistrate judge determined that Petitioner entered the plea "knowingly and voluntarily," and Petitioner initialed each page of his plea agreement indicating his full acknowledgment of the contents of his plea agreement. Doc. No. 13. Therefore, while the scope of a section 2255 waiver may be subject to potential limitations,

5

none of those limitations apply to the instant matter. *See Navarro-Botello*, 912 F.2d at 321 (a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Federal Rule of Criminal Procedure 11 to ensure that the waiver was knowingly and voluntarily made); *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997) (a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement*); United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea.).

### ii. Procedural Default

Respondent argues Petitioner procedurally defaulted his challenge because he failed to "raise any claim about the applicable sentencing guidelines on direct appeal." Doc. No. 34 at 10. A federal prisoner who fails to raise a claim on direct appeal procedurally defaults the claim and must demonstrate cause and prejudice or actual innocence to obtain relief under section 2255. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Respondent contends Petitioner cannot establish cause or prejudice to overcome the bar. Indeed, Petitioner does not give any additional information the Court can consider to determine if there was cause or prejudice sufficient to overcome the procedural default bar. *See generally* Doc. No. 29. The Court finds there is no cause or prejudice that would overcome the procedural default, as Petitioner's claim is not novel nor is there any indication of prejudice. *See Reed v. Ross*, 468 U.S. 1, 16 (1984) (a petitioner may demonstrate cause if his "constitutional claim is so novel that its legal basis is not reasonably available to counsel."); *see also Molina-Martinez v. United States,* 136 S. Ct. 1338, 1346-47 (2016) (an application of an incorrect Guidelines range and sentencing affects a defendant's substantial rights.)

### iii. *Johnson* and its Progeny

Here, Petitioner is challenging his 130-month sentence based on the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Doc. No. 29. The Court in

Criminal Case No.: 10cr2247-JAH
Civil Case No.: 16cv1928-JAH

*Johnson*, 135 S. Ct. at 2563, held unconstitutionally vague the residual clause of the Armed Career Criminals Act ("ACCA"), which defined a "violent felony" as any felony that "involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B). The Court later determined the decision in *Johnson* was substantive and has retroactive effect on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Here, Petitioner was not sentenced under 18 U.S.C. § 924(e)(2)(B), rather, Petitioner was sentenced under § 924(e)(2)(A) which defines serious drug offense and remains unchanged by the decision in *Johnson*. In light of this, the holding in *Johnson* does not apply to the instant matter. *See United States v. Hermoso-Garcia*, 413 F.3d 1085 (2005); *see also Ezell v. United States*, 743 Fed.Appx. 784 (9th Cir. 2018) ("If the sentencing record makes clear that the district court did not rely on the residual clause to find that a prior offense qualified as a predicate offense under the Armed Career Criminal Act, the petition does not rely on *Johnson* as to that offense.").

Under Rule 4(b) of the Rules Governing § 2255 Proceedings, this Court may dismiss a § 2255 motion if it "plainly appears" from the motion, attached exhibits, and the record of prior proceedings, that Petitioner is not entitled to relief. Therefore, for the reasons set forth above, the petition is **DENIED**.

## CONCLUSION AND ORDER

Based on the above, IT IS HEREBY ORDERED:

1. Petitioner's motion to reduce his sentence pursuant to § 3582, (doc. no. 25), is **DENIED AS MOOT.**

2. Petitioner's motion to vacate, set aside, or correct his sentence, (doc. no. 29), is **DENIED.**

DATED: January 30, 2020

_____
JOHN A. HOUSTON
United States District Judge